IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **WILMA T. PUGH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **6:07-cv-00519-UWC** |
| **DOROTHY WEST, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION TRANSFERRING CASE TO NORTHERN DISTRICT OF MISSISSIPPI**

The present action was initiated in this Court by Plaintiff Wilma T. Pugh ("Pugh") against Dorothy West ("West") and Progressive Insurance Company, Inc. ("Progressive"). The Plaintiff in this action is a citizen of Alabama. Defendant West is a resident of Mississippi. Defendant Progressive is a corporation engaged in issuing insurance policies in the States of Alabama and Mississippi. (Comp. ¶ 3.)

According to the complaint, Plaintiff was injured during a collision with West, who was operating an automobile owned by Floyd Parker and insured by Progressive. This accident occurred in Mississippi. (Compl. ¶ 8.)

Presently before the Court is a motion by West seeking dismissal of this action against her based on lack of *in personom jurisdiction*. (Doc. 12.) In her motion, West notes that she is a resident of Columbus, Mississippi and that the action made the basis of

this lawsuit occurred in Columbus, Mississippi.  West has no contacts with the State of Alabama, sufficient to establish personal jurisdiction, and has engaged in no activity in the State of Alabama which would give rise to either specific or general personal jurisdiction.

>A civil action where jurisdiction is based upon diversity may be brought only in:
>
>1) "a judicial district where any defendant resides, if all defendants reside in the same state";
>
>2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or
>
>3) "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, <u>if there is no district in which the action may otherwise be brought</u>."

28 U.S.C. § 1391(a) (emphasis added).

There is no evidence that West is a resident of Alabama.  Thus, the first provision of the statute is not satisfied: all defendants do not reside in Alabama.  Because the event which gave rise to the complaint did not occur in Alabama, the second provision of the statute is not satisfied.

The third provision of the statute indicates that a claim may be brought in any district where any defendant is subject to personal jurisdiction, <u>but</u> only if there is no district in which the action might otherwise be brought.  Inasmuch as the present action could have been brought in Mississippi, the third provision of the statute is not satisfied.

Accordingly, venue is not proper in the federal district courts of Alabama and

Pugh's action against West is due to be transferred to the Northern District of Mississippi.

Similarly, Pugh's claims against Progressive are also due to be transferred on the basis of *forum non conveniens*. This Court finds that an adequate alternative forum is available, the public and private factors weigh in favor of dismissal, and the plaintiff can reinstate her suit in the alternative forum without undue inconvenience or prejudice. *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

Therefore, the Court will enter an Order consistent with this opinion, transferring this case to the Northern District of Mississippi.

Done the 20th day of July, 2007.

_____
U.W. Clemon
United States District Judge